UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SAMUIL DONDE,                                     :
                                                  :
                            Plaintiff,            :
                                                  :       **MEMORANDUM & ORDER**
             -against-                            :       09-CV-04407 (DLI) (VVP)
                                                  :
                                                  :
XAVIER ROMANO and BLUELINX                        :
CORPORATION,                                      :
                                                  :
                            Defendants.           :
-------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Pursuant to 28 U.S.C. § 1404(a), defendants Xavier Romano and BlueLinx Corporation ("BlueLinx") move to transfer this action to the United States District Court for the District of New Jersey ("D.N.J."). Plaintiff opposes this motion. For the reasons set forth below, defendants' motion is granted.[1]

### BACKGROUND

This diversity action arose out of a collision between two motor vehicles on the eastbound side of Interstate Highway 78 ("I-78") in Springfield, New Jersey. (Compl. at 1, 3.) Plaintiff, a resident of New York, alleges that, on November 6, 2008, Romano, acting in his capacity as a BlueLinx employee, was operating a truck owned by BlueLinx on I-78, and the truck and/or the materials on the truck came into contact with plaintiff's vehicle. (Compl. at 2–3.) Plaintiff further alleges that he suffered injuries as a result of the accident, which "was

---

[1]The court notes that venue is almost certainly improper in this district. 28 U.S.C. § 1391(a). Romano is a citizen of New Jersey, BlueLinx's principal place of business is in Georgia, and the accident at issue took place in New Jersey. However, although "[d]efendants claim that venue is improper," (Decl. in Supp. of Mot. to Trans. Ven. at 2.), they have not filed a motion under Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a) squarely raising such a claim. Rather, they proceed under 28 U.S.C. § 1404(a). The court need not reach the question of whether venue is proper, or whether defendants sufficiently raised a claim of improper venue, as the court finds sufficient cause to exercise its broad discretion to transfer venue pursuant to § 1404(a).

caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff." (Compl. at 4.)

## DISCUSSION

The general federal venue transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "The party seeking transfer has the burden of making a clear-cut showing that transfer is warranted . . . ." *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (citations and internal quotations omitted).  "In considering whether to grant a venue transfer, courts engage in a two-part test.  The first question is whether the action might have been brought in the proposed transferee forum.  Second, the court must determine whether transfer promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006) (citations and internal quotations omitted).

Plaintiff does not dispute that the action might have been brought in the District of New Jersey, given that the accident took place there, Romano resides there, and BlueLinx conducted business there. (Defs. Mem. of Law in Supp. of Mot. to Trans. Ven. at 5.)  Accordingly, the court proceeds to the second part of the relevant analysis, under which "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In exercising its discretion, a court may consider the following non-exhaustive list of factors, none of which, alone, is dispositive: plaintiff's choice of forum; convenience of witnesses and parties; locus of operative facts; ease of access to sources of proof; relative means of parties; availability of

process to compel witness attendance; trial efficiency and interests of justice; and the forum's familiarity with governing law. *See Zaitsev v. State Farm Fire & Cas. Co.*, 2005 WL 3088326, at *1 (E.D.N.Y. Nov. 17, 2005); *see also D.H. Blair & Co., Inc*, 462 F.3d at 106–07. Below, the court addresses the considerations relevant to this case, grouping factors together where appropriate.

## A.  Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally accorded great weight, but, when "'the transactions or facts giving rise to the action have no material relation or significant connection to plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance.'" *Romano v. Banc of Am. Insurances Servs.*, 528 F. Supp. 2d 127, 130 (E.D.N.Y. 2007) (quoting *Hernandez v. Graebel Van Lines, Inc.*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991)).

All of the conduct giving rise to this claim (*i.e.*, the car accident on I-78) took place in New Jersey.  Accordingly, the operative facts in this case occurred in New Jersey; that some post-accident events relevant to the case, such as plaintiff's medical treatment, took place in New York does not change this.  *See, e.g., Hernandez*, 761 F. Supp. 983 at 990-91 (declining to grant great weight to the plaintiff's choice of the Eastern District of New York as the forum, finding Florida "[t]he *only* locus of operative facts," and transferring the case to the Southern District of Florida, even though all of plaintiff's treating physicians practice in New York, as the motor vehicle accident at issue occurred in Florida); *Guccione v. Harrah's Mktg. Servs. Corp.*, 2009 WL 2337995, at *7-8 (S.D.N.Y. July 29, 2009) (declining to grant great weight to the plaintiff's choice of the Southern District of New York as the forum, finding New Jersey the locus of operative facts, and transferring the case to the District of New Jersey, even though all of

plaintiff's treating physicians practice in New York, as the accident occurred in New Jersey). Accordingly, the court does not accord great weight to plaintiff's choice of forum.

**B.        Convenience to the Witnesses and Parties; Access to Sources of Proof**

 The convenience of witnesses is often the most important factor in determining whether to transfer venue. *See, e.g., In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d at 168; *Excelsior Designs, Inc. v. Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003).   Plaintiff opposes the motion on this ground because the doctors who treated him after the accident practice in New York. (Aff. in Opp. to Mot. to Trans. Ven. at 5-7.)  Plaintiff also notes that both his employer and expert economist live in New York and documents relating to treatment, insurance, and lost wages are in New York. (*Id.* at 5-7, 9.)  Defendants counter that a non-party eyewitness and the New Jersey State Trooper who responded to the accident reside in New Jersey. (Decl. in Supp. of Mot. to Trans. Ven. at 2.)

Physical ease of access to this court, the New Jersey District Court, or to the evidence, does not weigh in favor of either venue.  As plaintiff concedes in his opposition to defendants' motion, this court is quite close to the District of New Jersey's Newark courthouse. (Aff. in Opp. to Mot. to Trans. Ven. at 6.)  In fact, courts have "taken judicial notice of the 'scant' 13-mile distance between this courthouse and the District of New Jersey's Newark district court." *Lauer v. Saybolt LP*, 2010 WL 1992008, at *4 (E.D.N.Y. May 17, 2010) (finding "the convenience . . . of the parties would not be substantially affected by a transfer to New Jersey") (citations and internal quotations omitted).  Although courts generally grant considerable deference to witness convenience, "[t]he location of documents is not a factor given great weight in a Section 1404(a) analysis." *Ivy Soc'y Sports Group, LLC v. Baloncesto Superior Nacional*, 2009 WL 2252116, at *6 (S.D.N.Y. July 28, 2009).  Moreover, courts do not consider convenience for expert witnesses

4

when deciding whether to transfer venue.  *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 367 (S.D.N.Y. 2009) (citing *Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498, 502 (S.D.N.Y. 2006)).  In short, the court finds that neither venue would be much more convenient for witnesses as a whole, and that producing the relevant documents should be equally convenient in either venue.

## C.    Convenience for Attorneys

Plaintiff contends that he will need to retain new counsel if the case is transferred to New Jersey because his counsel is not licensed to practice there.  (Aff. in Opp. to Mot. to Trans. Ven. at 10.)  When deciding whether to transfer venue, courts do not consider convenience to a party's attorney, even where the attorney is only licensed in one of the venues. *Zaitsev*, 2005 WL 3088326, at *3.  Plaintiff's counsel may seek admission to the New Jersey District Court *pro hac vice*, assuming s/he meets the requirements.  Furthermore, as in *Zaitsev*, "the damages [plaintiff] seek[s] appear significant enough to potentially attract the services of another attorney, should present counsel be unable to appear *pro hac vice* in the District of New Jersey." *Id.*

## D.    Cost to the Parties

Plaintiff asserts it would cost him more to litigate in New Jersey because his doctors would need more time off from work and thus charge more for their testimony. (Aff. in Opp. to Mot. to Trans. Ven. at 8.)  However, other than a series of conclusory assertions, plaintiff fails to offer specific proof of how much more it will likely cost to litigate in New Jersey.  Given the previously noted proximity of the two districts, the court is not persuaded by plaintiff's argument that litigation would be significantly more costly in New Jersey.  Relative cost to the parties does not tip in favor of either district.

E.      **Trial Efficiency and Interests of Justice**

When the events giving rise to a claim occurred in another district, it is reasonable to transfer the case to the district in which the events occurred. *See, e.g., Lauer v. Saybolt LP*, 2010 WL 1992008, at *6; *Ryan v. Tseperkas*, 2008 WL 268716, at *3 (E.D.N.Y. Jan. 28, 2008)*; In re Eastern District Repetitive Stress Injury Litig.,* 850 F. Supp. 188, 195 (E.D.N.Y. 1994); *see also*, *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D.P.A. 2003).   Here, as in *Ryan*, because the accident at issue occurred entirely in New Jersey, New Jersey "has the greatest interest in the implementation and interpretation of the law that applies in this case." *Ryan*, 2008 WL 268716, at *3.  This factor heavily favors transfer.

F.      **Forum's Familiarity with Governing Law**

The forum's familiarity with the law that will govern the case gets little weight when the governing law is fairly simple, as in a standard personal injury claim. *See, e.g., Schwartz v. Marriot Hotels Servs.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002); *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980).  Thus, although New Jersey law, particularly the New Jersey Motor Vehicle Code, will apply here, this factor gets relatively little weight, tipping only slightly in favor of transfer.

## **CONCLUSION**

Based on the foregoing analysis, the court finds that, overall the factors tip in favor of transfer of venue to New Jersey, particularly because the accident at issue occurred there and New Jersey has a strong public interest in the interpretation and application of its laws.  All other considerations are neutral or effectively neutral.  The court finds the defendants have made a clear showing that transfer is appropriate.  Defendants' motion to transfer venue is granted.


SO ORDERED


DATED:  Brooklyn, New York
            August 10, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge